

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/19/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-30138 |
| TROY L. BALLARD, *et al* | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| | § | |
| TROY L. BALLARD | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-3170 |
| | § | |
| MILK PRODUCTS, LLC | § | |
| | § | |
| Defendant(s). | § | |

**MEMORANDUM OPINION**
(Docket No. 5)

In response to the plaintiff's removal of this case, Milk Products, LLC n/k/a Borden Dairy Company of Texas, LLC ("Milk Products") seeks a remand of this adversary proceeding to state court and an award of fees. In its response to the remand motion, Mr. Ballard requests that the case be referred to the District Court for trial pursuant to 28 U.S.C. § 157(b)(5). For the reasons set forth below, this Court will remand this case to state court. The request for fees is denied. A separate order will issue.

**Relevant Background**

1. Milk Products, LLC n/k/a Borden Dairy Company of Texas, LLC ("Milk Products") processes and delivers milk products to retail outlets for sale. Troy L. Ballard worked for Milk Products as a delivery driver. Mr. Ballard asserts that he was injured while performing his normal duties for Milk Products. Milk Products denies any responsibility for Mr. Ballard's injuries.

2. On June 9, 2009, Mr. Ballard sued Milk Products in Cause No. 2009-43678 in the 334th Judicial District Court in Harris County, Texas (the "State Court Case"). In his petition, Mr. Ballard asserts that Milk Products' negligence caused his injuries.

3. Mr. Ballard filed a voluntary chapter 13 case on January 2, 2012. On March 30, 2012, Mr. Ballard removed the State Court Case to this Court. On May 7, 2012, Milk Products filed its motion for abstention and remand [Docket No. 5]. In addition, Milk Products seeks

recovery of its fees and costs against Mr. Ballard under 28 U.S.C. § 1447(c).  Mr. Ballard filed his objection to Milk Products' motion on June 29, 2012 [Docket No. 11].  In his objection, Mr. Ballard acknowledged that this Court cannot conduct a trial in this adversary proceeding and asked that the matter be referred to the District Court for trial under 28 U.S.C. § 157(b)(5).  Milk Products filed its reply on July 31, 2012 [Docket No. 12].  The Court conducted a hearing on August 14, 2012.  The parties offered no evidence in support of their respective positions and, instead, rely solely upon legal argument.

## Analysis

4. Milk Products requests the Court to abstain from this case under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1).  Section 1334(c)(1) provides that a court may abstain from hearing a matter if such abstention is "in the interest of justice, or in the interest of comity with the State courts or respect for State law."  *See Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1206 (5th Cir. 1996).  Courts have developed a list of nonexclusive factors to consider in determining whether permissive abstention is appropriate, including:

(1) the effect or lack thereof on the efficient administration of the estate;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy docket;

(10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

(13) comity; and

(14)   the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co.*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *23.

5.   The Court will first address the propriety of the removal filed by Mr. Ballard. Milk Products goes to great lengths to cast aspersions on Mr. Ballard and his counsel by asserting that this Court was misled regarding the removal. Having reviewed the record and listened to the arguments, the Court concludes that the majority of the allegations of wrongdoing made by Milk Products are due primarily to its unfamiliarity with the bankruptcy process and the Order of Reference in this District. The Court finds no issue with the removal or the allegations made by Mr. Ballard in support of the removal. To the contrary, the Court finds the unsupported character assault to be distasteful. Milk Products' motion for fees and costs is denied. If sanctions were to be assessed in this case, Milk Products might wish to take a look in the mirror.

6.   With respect to the request for abstention, the Court notes that it could not conduct a trial in this adversary. *See* 28 U.S.C. § 157(b)(5). Thus, the decision is whether to send this case back to state court or to forward the case to the District Court for disposition. In considering the abstention factors, the Court notes the following. First, there is no basis for federal jurisdiction other than 28 U.S.C. § 1334. Second, the case is relatively straightforward personal injury case governed by state law. Third, the case has been pending in the State Court for a significant period of time and the State Court has made multiple rulings. The Court concludes that the State Court is in the best position to liquidate Mr. Ballard's claims.

7.   Under 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on *any* equitable ground." 28 U.S.C. § 1452(b) (emphasis supplied). Permissive abstention and equitable remand are very similar and the analysis under each has considerable overlap. *J.T. Thorpe Co.*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *21 (citing *Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001)). As a result, the 14 factors listed above in considering permissive abstention also apply to equitable remand. *Id.*, at *23. Additional factors that may apply in considering a request for equitable remand include:

(1) *forum non conveniens*;

(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

(3) whether the state court has greater ability to respond to questions of state law;

(4) the particular court's expertise;

(5) the inefficiencies of proceedings in two forums;

(6) prejudice to the involuntarily removed party;

(7) comity; and

(8) the possibility of an inconsistent result.

*Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 603 n.1 (S.D. Tex. 1999)).

8. For the reasons set forth above in support of its conclusion that abstention is appropriate, the Court likewise concludes that this case should be remanded to state court. However, to the extent that Milk Products asserts the right to an offset of any damage award in favor of Mr. Ballard, such offset claims may be liquidated in the State Court but no "netting" shall occur. Milk Products' right to an offset, once liquidated, may only be asserted in this Court.

## Conclusion

For the reasons set forth above, the Court will abstain and remand this case to the 334th Judicial District Court in Harris County, Texas subject to the limitation on any offset claims asserted by Milk Products. A separate order consistent with this Memorandum Opinion will be issued.

**SIGNED: September 19, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**